## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 25 2019, 10:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael C. Borschel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amari D. Lyons,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 25, 2019

Court of Appeals Case No.
19A-CR-254

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

The Honorable Anne Flannelly, Magistrate

Trial Court Cause No.
49G04-1709-F5-37350

**Altice, Judge.**

## Case Summary

[1] Amari D. Lyons appeals his conviction for carrying a handgun without a license, a Level 5 felony. Lyons contends that the trial court committed reversible error by admitting evidence obtained during a warrantless search. We affirm.

## Facts and Procedural History

[2] On the evening of September 27, 2017, Indianapolis Metropolitan Police Department (IMPD) officers responded to a report of an attempted robbery with a firearm at an apartment complex. IMPD Officers Mollie Johannigsmeier and John Dicicco arrived at about the same time in their marked police vehicles. Zane Dickson, the 911 caller, had been involved in a meetup for sale of goods to another individual arranged on the website OfferUp when the attempted robbery occurred. Dickson ran up to the officers and frantically told them that a black male had pointed a rifle at him in the parking lot. According to Dickson, the suspect then fled toward the apartment building. Dickson directed the officers to speak with Lyons, a possible witness, who was in the parking lot.

[3] Lyons informed Officer Johannigsmeier that he had seen someone running away from the apartment building but had no further information. After

speaking briefly with Lyons, the officers moved Dickson to the apartment leasing office to calm him down and question him further. While moving Dickson, the officers noticed Lyons driving a silver Chevy Impala towards the complex exit. As Lyons drove off, Dickson told Officer Johannigsmeier that after the attempted robbery, the suspect had tried to enter the silver Impala.

[4] Five minutes later, Lyons returned to the parking lot in the silver Impala. When Lyons got out of his car, Officer Dicicco approached and said he needed to speak with him. Officer Johanningsmeier joined Officer Dicicco and asked Lyons for additional information about the robbery. Lyons told Officer Johanningsmeier that he knew the suspect's name, that the suspect often spent time in the area, and that the suspect had run off immediately after the attempted robbery.

[5] While Officer Johanningsmeier spoke with Lyons, Officer Dicicco shined a flashlight through the windows of the Impala and saw a handgun on the driver-side floorboard as well as a loaded magazine in the cupholder. He alerted Officer Johanningsmeier, who placed Lyons in handcuffs. A pat-down revealed an empty firearm holster on Lyons's hip and a tactical light for a handgun in his pocket. Reading the serial number of the firearm through the passenger window, officers ran checks on both the gun and Lyons and found that he did not have a valid handgun license and that he had a previous conviction for carrying a handgun without a license. IMPD Officers Nicholas Rainbolt and Christopher Dian, who had arrived to assist, retrieved the weapon and searched Lyons's car. The handgun was a loaded Glock 19 pistol with a 30-round

magazine. The officers also found a rifle magazine in the glove box, a 15-round magazine in one of the cupholders, and a mask in the trunk.

[6] Lyons was charged with carrying a handgun without a license, a Class A misdemeanor, and carrying a handgun without a license while having a prior conviction for the same offense, a Level 5 Felony. Following a bifurcated trial, Lyons was convicted of the Level 5 Felony and sentenced to four years in Marion County Community Corrections' work release program.

## Discussion and Decision

[7] On appeal, Lyons argues that the trial court abused its discretion and committed reversible error by admitting evidence in violation of the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution. Specifically, he contends the trial court erred in admitting the handgun discovered in the vehicle in violation of his rights against unreasonable searches and seizures.

## Standard of Review

[8] Lyons's appeal comes after the completion of his trial; therefore, it is properly viewed as an admission of evidence issue rather than an appeal of the denial of his motion to suppress. Our review here is based on a standard similar to that used in other sufficiency of evidence issues. *Litchfield v. State,* 824 N.E.2d 356, 358 (Ind. 2005). We will not reweigh the evidence and "we will consider the evidence favorable to the trial court's ruling, as well as substantial uncontradicted evidence to the contrary, to decide whether the evidence is

sufficient to support the ruling." *Holder v. State*, 847 N.E.2d 930, 935 (2006). We will reverse only "if a ruling is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights." *Carpenter v. State,* 18 N.E.3d 998, 1001 (Ind. 2014).

## Fourth Amendment Analysis

The Fourth Amendment to the United States Constitution protects individuals against unreasonable searches and seizures by government agents. "A search without a warrant requires the State to prove an exception to the warrant requirement applicable at the time of the search." *Holder,* 847 N.E.2d at 935.

Not all encounters between police and individuals implicate Fourth Amendment protections. "Consensual encounters in which a citizen voluntarily interacts with an officer do not compel Fourth Amendment analysis." *Clark v. State*, 994 N.E.2d 252, 261 (Ind. 2013). A stop remains at the consensual level based on whether a reasonable person would have felt they were free to leave. *State v. Calmes*, 894 N.E.2d 199, 202 (Ind. Ct. App. 2008). Factors to be considered in determining whether a reasonable person felt free to leave include "(1) the threatening presence of several officers, (2) the display of a weapon by an officer, (3) the physical touching of the person, or (4) the use of language or tone of voice indicating that compliance with the officers request might be compelled." *Id.*

Nonconsensual encounters typically fall into one of two categories, brief investigative stops and full arrests. *Id.* With respect to the former, the Supreme

Court has held that a police officer can briefly detain an individual for investigative purposes if the officer has reasonable suspicion that criminal activity is afoot. *Terry v. Ohio*, 392 U.S. 1 (1968). A full arrest, in which the individual is detained for longer than a short time, requires probable cause. *Id.*

[12] Lyons argues that his second interaction with police constituted a nonconsensual encounter. We disagree with Lyons as to the nature of the encounter at that point. That is, during this second encounter, police sought further information from Lyons after Dickson informed them that the suspect had tried to enter the silver Impala that Lyons was seen driving. The conversation prior to the discovery of the handgun pertained to Lyons's status as a potential witness. Nothing about the nature of the second encounter differs from Lyons's first conversation, which he agrees was consensual. The number of police present did not increase, nor did the police display their weapons, physically touch him, or restrain his movement. Officer Dicicco said that he needed to speak with Lyons, but gave no reasonable indication that Lyons was under any form of detention, only that he wanted to ask more questions about what Lyons may have seen.

[13] Only after Officer Dicicco spotted a firearm in open view[1] in the car Lyons had been driving did the encounter evolve into a *Terry* stop. Considering Dickson's

---

[1] The "open view" principle applies when "a police officer sees contraband from an area that is not constitutionally protected" in an area that is protected, such as a home or a vehicle. *Sayre v. State*, 471 N.E.2d 708, 712 (Ind. Ct. App. 1984). For a police officer to lawfully seize contraband in open view, either a search warrant or a justifiable exception to warrantless seizure is required. *Id.*

account that the suspect was armed and had tried to enter the Impala, Officers Dicicco and Johanningsmeier then acted on reasonable suspicion that Lyons may have been involved in the attempted robbery. The officers' brief detention of Lyons while they searched his person and ran a check on the firearm was acceptable under *Terry* as part of their investigation.

[14] The subsequent search of the vehicle and seizure of the handgun fell within the automobile exception. "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." *Pennsylvania v. Labron,* 518 U.S. 938, 940 (1996). With regards to the "readily mobile" component, the Indiana Supreme Court has held "a vehicle that is temporarily in police control or otherwise confined is generally considered to be readily mobile and subject to the automobile exception to the warrant requirement if probable cause is present." *Myers v. State*, 839 N.E.2d 1146, 1152 (Ind. 2005). Police did not seize the handgun until it was determined that Lyons did not have a license for it and that he had a prior conviction for illegally possessing a firearm, thereby giving them the requisite probable cause. As such, the seizure of the firearm from inside the vehicle did not violate Lyons's Fourth Amendment rights.

## Article 1 Section 11 Analysis

[15] Although Article 1, Section 11 of the Indiana Constitution contains identical language to the Fourth Amendment, we interpret the language independently and separately. *Litchfield,* 824 N.E.2d at 359. Our interpretation is based on an

assessment of the reasonableness of the actions of the police officer when the totality of the circumstances are considered. *Id.* Reasonableness is determined by balancing: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs." *Id.* Indiana courts have held that the Fourth Amendment automobile exception applies during an Article 1, Section 11 analysis. *Myers v. State*, 839 N.E.2d 1146, 1154 (Ind. 2005).

[16] Regarding the *Litchfield* factors, the police on the scene had a high degree of concern and suspicion that an armed robbery had occurred and they had been told by Dickson that the suspect had attempted to enter Lyons's vehicle. Lyons's interaction with police was minimally intrusive up until the handgun was discovered, when he was handcuffed and briefly detained as a suspect. The seizure of the handgun from Lyons's car falls within the established automobile exception. The totality of the circumstances shows that the actions taken by police were based on the pressing need to investigate an attempted armed robbery and recover the potential weapon or weapons used in the crime, which outweighed the intrusion into Lyons's activities. Therefore, the seizure of the handgun from the vehicle did not violate Lyons's rights under Article 1, Section 11 of the Indiana Constitution.

# Conclusion

[17]     The warrantless search of Lyons's vehicle did not violate the search and seizure provisions of either the Fourth Amendment or Article 1, Section 11 of the Indiana Constitution.  The trial court did not abuse its discretion in admitting the handgun into evidence.

Judgment affirmed.


Kirsch, J. and Vaidik C.J., concur.